# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

ALLISSA R. CLEMENTS                                                   PLAINTIFF

VS.                                                         CIVIL ACTION NO: 3:15CV20-DAS

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION                                            DEFENDANT

## ORDER

This matter is before the court on plaintiff's motion (#28) for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. In these proceedings, plaintiff sought judicial review of the final decision of the Commissioner of Social Security, which denied her claim for benefits. By judgment, this court remanded plaintiff's case to the Commissioner for further proceedings. On the heels of that decision, plaintiff filed her petition for an EAJA award on grounds that she was the prevailing party and the Commissioner's position was not substantially justified. Her petition seeks $4,357.50 in attorney's fees and $115.36 for reimbursable costs. Though conceding that plaintiff is entitled to an award, the Commissioner raises two objections: 1) the hourly rate charged by plaintiff's counsel is in excess of the statutory rate, and 2) plaintiff is not entitled to recover costs because she proceeded *in forma pauperis*.

## DISCUSSION

### A. HOURLY RATE

Plaintiff's counsel charges an hourly rate of $175.00, which is $50.00 over the statutory rate set forth in 28 U.S.C. § 2412(d)(2). Though not explicitly challenging the reasonableness of

the rate charged, the Commissioner argues that any upward adjustment should be supported by referencing the Department of Labor's Consumer Price Index. As no support can be found in plaintiff's motion, the court must determine whether the hourly rate charged by plaintiff's counsel is reasonable.

Nearly twenty years ago, Congress amended the EAJA to increase the statutory hourly rate from $75.00 to $125.00.[1] However, since 1996, there have been no further cost of living adjustments made to the EAJA's statutory rate. According to the Bureau of Labor Statistics' inflation calculator, $125.00 in 1996 has the same buying power as $189.57 in 2015.[2] Therefore, when compared with the inflation-adjusted statutory rate, the rate charged by plaintiff's counsel is not only reasonable, it's a bargain.

### B. COSTS

Plaintiff also seeks $115.36 in costs for printing a paper copy of the administrative transcript. The Commissioner argues that claims for costs are not allowed in this context because plaintiff is proceeding *in forma pauperis*. Therefore, the issue is whether plaintiff's *in forma pauperis* status bars her from recovering the costs under the EAJA.

In this case, plaintiff is seeking costs under the EAJA, which provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency…

28 U.S.C. 2412(a)(1). Previously, plaintiff sought judicial review of the final decision of the Commissioner of Social Security. By judgment, this court remanded plaintiff's case to the Commissioner for further proceedings. Therefore, plaintiff is a "prevailing party" under the EAJA, making her eligible to recover costs pursuant to § 2412(a)(1). However, because she is

---

[1] CONTRACT WITH AMERICA ADVANCEMENT ACT OF 1996, PL 104-121, March 29, 1996, 110 Stat. 847.
[2] CPI Inflation Calculator, http://www.bls.gov/data/inflation_calculator.htm (Oct. 16, 2015).

proceeding *in forma pauperis* in this action, the Commissioner contends that another statute prevents her from recouping her costs.

Notably, § 2412(a)(1) begins with this qualification: "Except as otherwise specifically provided by statute…" In light of this language, the Commissioner argues that plaintiff is barred from recovering costs under the EAJA by the *in forma pauperis* statute, which provides:

> Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, **but the United States shall not be liable for any of the costs thus incurred**.

28 U.S.C. § 1915(f)(1) (emphasis added). Courts interpreting this statute have consistently held that costs cannot be award against the United States in an *in forma pauperis* appeal.[3] As a consequence, the court holds that plaintiff is barred from recovering $115.36 in printing costs by operation of § 1915(f)(1).

Nevertheless, the court is not blind to the *non sequitur* this holding perpetuates. "The objective of the EAJA is clear: to eliminate the financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." *United States v. Claro*, 579 F.3d 452, 466 (5th Cir. 2009). The financial disincentives posed by litigation are especially hard felt among Social Security claimants. To combat these disincentives, the EAJA allows litigants to recover attorney's fees and costs when they are successful. This, in turn, makes areas of the law like Social Security economically viable, and thereby encourages lawyers to represent Social Security claimants.

Much like the EAJA, the *in forma pauperis* statute "is designed to ensure that indigent litigants have meaningful access to the federal courts,"[4] and that "no citizen shall be denied an

---

[3] *See Maida v. Callahan*, 148 F.3d 190, 193 (2d Cir. 1998); *James v. Quinlan*, 868 F.2d 37, 40 (3d Cir. 1989); *Chambers v. Barnhart*, 355 F.3d 1261 (10th Cir. 2004); *Sandoval v. Apfel*, 86 F. Supp. 601, 612-13 (N.D. Tex. 2000).
[4] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because…poverty makes it impossible…to pay or secure the costs' of litigation."[5] Ironically, however, § 1915 is being used in this case to reinstate a financial disincentive that the EAJA explicitly seeks to eliminate. Under this framework, truly indigent litigants are faced with a Hobson's choice: either proceed *in forma pauperis* and forfeit their rights under the EAJA, or forfeit their rights under § 1915 (if possible) and recover the costs they incurred defending against unjustified government action.

    IT IS THEREFORE ORDERED THAT plaintiff's motion for an EAJA award is hereby granted, and plaintiff is entitled to $4,357.50 in attorney's fees.

    IT IS FURTHER ORDERED THAT plaintiff's request of $115.36 for costs is hereby denied.

    SO ORDERED this, the 29th day of October, 2015.

        /s/ David A. Sanders
        UNITED STATES MAGISTRATE JUDGE

---

[5] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).